# H & H ELECTRIC, INC.,
*Appellant,*

*v.*

# CITY OF PORTLAND,
*Respondent.*

(A8612-07702; CA A46572)

758 P2d 434

Harrison Latto, Portland, argued the cause for appellant. With him on the briefs were Scott Howard and Schwab, Hilton & Howard, Portland.

Ruth Spetter, Senior Deputy City Attorney, Portland, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff, an electrical contractor, appeals a judgment dismissing its claim against defendant city for compensation for certain expenses incurred in the performance of its contract for the installation and replacement of city street lights. It assigns as error the trial judge's granting city's motion to dismiss for failure to state a claim and not allowing plaintiff to amend its second amended complaint. We reverse and remand.

We take the facts from plaintiff's complaint. Plaintiff submitted a bid on city's street lighting conversion project. In August, 1985, it was awarded the contract, which required plaintiff to replace street lighting units. Before bidding, plaintiff inspected the existing lights. All had 240 volt connections. Plaintiff prepared its bid with the understanding that the contract contemplated replacement lights which would also have 240 volt connections. After plaintiff had begun work on the project, city furnished new lights, that had 120 volt connections. Each fixture's voltage had to be converted, which required a greater expenditure of labor and materials than plaintiff had anticipated in making its bid.

In a letter to city, dated December 11, 1985, plaintiff claimed that, under the contract, it was entitled to extra compensation for expenditures for voltage conversion, which was outside the scope of the contract. City denied the claim. Plaintiff filed this action for breach of contract and breach of implied warranty of specifications.[1] The trial judge allowed city's motion to dismiss for failure to state a claim. ORCP 21A(8).

Plaintiff argues that dismissal was improper, because the contract was ambiguous as to whether the voltage conversion work was outside the scope of the contract and that extrinsic evidence is necessary to explain and interpret the contract language. Dismissal of the action for failure to state a claim was only proper if the complaint shows on its face that plaintiff cannot prevail.

The contract does not specify the voltage of either

---

[1] On appeal, plaintiff only argues that the complaint states a claim for breach of contract.

existing or replacement lights. Section 101A of the specifications for the project, which is part of the contract, only states that "[c]are should be taken to make sure *existing* voltage at mast arm is compatible with [lights] being installed." (Emphasis supplied.) The contract does not say that all lights to be supplied by the city would be of a specific or uniform voltage or necessarily imply that any conversion would be required. The contract can be read to mean that existing voltage at the mast arm is not to be changed and that lights installed must be compatible with "existing" voltage at mast arm.[2]

The complaint, in pertinent part, states:

"Before plaintiff submitted a bid on this project, plaintiff conducted an on-site inspection of the existing fixtures. Each luminaire already in place had a 240 volt connection to the mast arm. Plaintiff understood that, pursuant to the terms of the contract, defendant would supply new sodium vapor lights and lamps which plaintiff would then connect to the existing mast arm with the 240 volt connection already in place. The contract made no mention that the sodium vapor [lights] and lamps to be supplied by defendant would require 120 volts rather than 240 volts."

The contract provisions pleaded do not preclude the possibility that plaintiff's understanding of the contract is correct. It was error to allow the motion to dismiss.[3]

Reversed and remanded.

---

[2] City contends on appeal that plaintiff was put on notice at a preconstruction meeting that the project required voltage conversion. We do not consider that contention, however, because our review is confined to the complaint.

[3] City's arguments that the claim is barred by the city charter and that plaintiff did not comply with the contractual notice provision assume that the contract unambiguously excluded additional compensation for voltage conversion. Because we have concluded that the city's assumption is not correct, at least as a matter of law, we need not address those arguments.